**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARK STEPHEN WICKLUND, | No. 10-35613 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00673-CWD |
| v. | |
| ADA COUNTY; JOHN/JANE DOE 1-5, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted May 5, 2011[**]
Seattle, Washington

Before: SCHROEDER, McKEOWN, and CALLAHAN, Circuit Judges.

Mark Wicklund filed a 42 U.S.C. § 1983 action alleging that prosecutors

from the Ada County District Attorney's office ("Ada County") violated his due

process rights by removing documents from his court file, thereby requiring him to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

resubmit the documents to the court. Wicklund appeals the district court's denial of his motions for expedited discovery and the court's grant of summary judgment on his due process claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court did not abuse its discretion in denying Wicklund's Motion for Expedited Discovery pursuant to Federal Rule of Civil Procedure 26(d). Wicklund provided no reasonable explanation as to why expedited discovery was necessary to permit him to refute Ada County's motion. *See* Fed. R. Civ. P. 26(d); *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("[A] decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant.").

Similarly, the district court's denial of Wicklund's Motion for Relief pursuant to Rule 56(f) was not an abuse of discretion. Wicklund did not specify the information he was seeking through discovery or provide any basis for believing that any information sought was in Ada County's possession. *See Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004).

10-35613

The district court properly granted summary judgment on Wicklund's due process claim. Wicklund provides no support for his contention that there is a due process violation where a party has to resubmit to the court evidence in the party's possession. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 930 (9th Cir. 2003) ("It is [the appellant's] burden on appeal to present the court with legal arguments to support its claims."). To the extent that Wicklund is arguing that Ada County suppressed materially exculpatory evidence, his claim is barred because it implicates the validity of his underlying conviction, which has not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994); *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Even if the documents were only potentially exculpatory, Wicklund has failed to state a due process claim because the documents were reasonably available to him—they were in his possession and he resubmitted them to the court. *See United States v. Hernandez*, 109 F.3d 1450, 1455 (9th Cir. 1977) (suppression of potentially exculpatory evidence violates due process only if the defendant was "unable to obtain comparable evidence by other reasonably available means").

**AFFIRMED.**